1  **JUAN MARTIN CABRALES**
   California State Bar No. 352220
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, California 92101-5030
   Tel: (619) 234-8467 / Fax: (619) 687-2666
4  Juan_Cabrales@fd.org
   Attorneys for Ranae N. Woodard

5

6

7                    UNITED STATES DISTRICT COURT

8                  SOUTHERN DISTRICT OF CALIFORNIA

9                **(HONORABLE JANIS L. SAMMARTINO)**

10

11  UNITED STATES OF AMERICA,          CASE NO.:   17CR-01337-JLS

                   Plaintiff,
12                                     **MOTION TO COMPEL
                                       DISCOVERY**
13        v.

    RANAE N. WOODARD,
14
                   Defendant.
15

16

17        On February 2, 2018, Ms. Woodard was sentenced to 54 months custody with

18  three years of supervised release to follow. Ms. Woodard began her term of

19  supervised release on January 1, 2022. On May 3, 2023, a probation officer filed a

20  petition asking the Court to revoke Ms. Woodard's supervised. On April 20, 2024, a

21  probation officer filed an amended petition. The petitions allege that:

22     1. On or about April 5, 2023, Ms. Woodard was in possession of a controlled

23        substance, meth, for sale in violation of H&S § 11378 in San Bernadino

24        County.

25     2. On or about April 5, 2023, Ms. Woodard was in possession of a controlled

26        substance (meth) while armed with a firearm in violation of H&S § 11370.1(a)

27        in San Bernadino County.

28     3. On or about April 5, 2023, Ms. Woodard used a controlled substance, meth.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4. On or about April 5, 2023, Ms. Woodard was manufacturing a controlled substance (meth), in violation of H&S § 11379.6(A).

Federal Rule of Criminal Procedure 32.1(b)(2)(B) provides that a person alleged to have violated his supervised release is entitled to "disclosure of evidence against the person." Moreover, the Due Process Clause applies to supervised release revocation hearings. *See, e.g., Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973); *Morrisey*, 408 U.S. 471. Under Due Process, Ms. Woodard has the right to receive and review any evidence underlying the petition and relied upon by the Probation Office in requesting that the Court revoke supervised release.

To date, no evidence against Ms. Woodard has been disclosed to the defense by the United States Probation office. Accordingly, Ms. Woodard hereby moves the Court to order the United States Probation Office to produce all evidence relating to the alleged violations, including but not limited to:

- Any and all police reports related to allegations 1, 2, and 4;
- Any and all reports, records, and other documents related to all allegations;
- Any and all statements made by Ms. Woodard, including any audio captured by the patrol vehicle on April 5, 2023;
- The identity and address of the confidential informant that officers relied upon for the warrant to search Sean Olan Buckwald's home, to prepare for Ms. Woodard's defense.
- Any and all communications with Ms. Woodard about the alleged violations;
- Any body camera footage of officers' interactions with Ms. Woodard on April 5, 2023.
- Any and all photographic or documentary evidence related to Ms. Woodard's arrest on April 5, 2023;
- Any and all dispatch calls related to the arrest;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- Any *Brady* material;

- And any other evidence in its possession or that it has access to related to the alleged violation of supervised release.

For the foregoing reasons, Ms. Woodard respectfully requests that the Court grant this motion to compel discovery.

Respectfully submitted,

Dated:  June 27, 2024

*s/ Juan M. Cabrales*
Federal Defenders of San Diego, Inc.
Attorneys for Ms. Woodard